## MALLOCH v. PHILADELPHIA RAPID TRANSIT CO.

District Court, E. D. Pennsylvania.
April 30, 1929.

No. 3629.

John J. McDevitt, Jr., of Philadelphia, Pa., for plaintiff.

Charles H. Howson, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge. This is an action for infringement of United States letters patent No. 1,249,981, to the plaintiff, for a track structure known as a crossing, used at street railway intersections. The plaintiff has limited the charge of infringement to claim 1 of the patent. The defense is that the patent is not infringed,

for the reason that the defendant's structure does not embody what the defendant claims to be the essence of the plaintiff's invention; it being contended that such features of the plaintiff's device as are used by the defendant are all found in the prior art. The case therefore turns upon the question what constitutes the plaintiff's invention, and this involves the interpretation of the letters patent.

Claim 1 of the patent is as follows:

"In a railway crossing, in combination with a crossing of the main track consisting of intersecting rail sections having the head portions removed providing shoulders beyond the points of intersection, a crossing insert cast in a single piece and consisting of intersecting rail head sections, tread portions formed on their upper surfaces adjacent their outer sides, flanges offset on the adjacent inner surfaces and providing grooves therebetween which also intersect each other means for removably yet rigidly connecting the head sections forming the insert to the main sections of the track so that the ends of the end sections abut the shoulders and lie flush with the main track, and means formed integral with the bottom of the grooves and extending throughout the portions intermediate the points of intersection of the head sections and also a distance beyond these points thereby to support the flange portions of the wheels of the rolling stock without raising the tread portions of the wheel as the rolling stock passes over the intersections."

The defendant's position is that this is a combination patent calling for a two-part structure, with means for connecting the parts, and that this is the only inventive concept disclosed for which novelty could be claimed. The crossing manufactured by the defendant is cast in one piece, and therefore, if his view is correct, he does not infringe. The plaintiff, on the other hand, says that the essence of the patent is an entirely different feature, which admittedly is embodied in the defendant's device, and which requires a brief discussion.

It appears that wheels of certain types of street railway cars have a broad tread and a comparatively narrow flange. Correspondingly, the rails on which they run have a broad bearing surface with a narrow groove. When the wheel is running on the rail, the flange fits into the groove, but does not reach its floor, the wheel ordinarily being supported on the tread, and the flange operating merely to prevent the wheel from jumping the rail. At track crossings, in order to carry the groove continuously across intersecting rails,

the bearing surface of the rails had to be broken by a little space at each rail intersection, and, of course, when the car reached such a point, the wheel would drop slightly until contact between the bearing surface and tread of the wheel would again be made. This resulted in a double jar, which produced noise, discomfort to passengers, and wear and tear on rolling stock.

The idea of raising the floor of the groove slightly at points of intersection so that the flange of the wheel would not drop clear to the floor of the groove, and of thus eliminating some of the jar, is conceded by the plaintiff to be old. This result was usually accomplished by attaching an extra piece of metal to the floor of the groove, although the idea of having the insert separately cast does not appear to have been a necessary element in any device of the prior art.

The plaintiff says that the prior art had not advanced beyond the idea of raising the wheel by this means so that it would ride across the intersection entirely on the flange with the tread of the wheel at such point carried clear above the bearing surface of the rail. His inventive concept, he says, consisted in making the filler or attached piece of metal in the floor of the groove of such a height that the depth of the groove over the entire crossing would be exactly equal to the depth of the flange, so that the weight of the car would be carried simultaneously on the tread and the flange over the entire crossing, except at the moment when the wheel was actually crossing the groove of two intersecting rails. He further says that this improvement accomplished two objects long sought— that it eliminated the jar incident to the crossing, and also did away with a special kind of strain upon the wheels due to its being carried for a short distance upon the flange at its outer edge instead of upon its tread, which is the normal bearing. If this is the plaintiff's invention, and if it is patentable, then the defendant infringes.

A consideration of the patent, however, leads to the conclusion that the construction of the claim advanced by the defendant is the correct one, (1) because it is the natural reading of the claim, and (2) because any other construction would invalidate the patent for want of novelty and invention.

The patent claims a combination, and specifies the three elements of the combination. They are: (1) A crossing of intersecting rail sections. This is the base. (2) The crossing insert (described as equipped with a raised floorway in the groove, making the

groove of equal depth to the flange of the wheel). And (3) means for connecting the head section or crossing insert with the base. The defendant suggests, and I think with reason, that the advance in the art, if any, effected by the combination, is the opportunity afforded of making the head section or crossing insert of a metal superior in bearing quality to the rest of the rail. The defendant points out that the specification, after defining the principal aim and object of the invention as being to provide a crossing which will eliminate jars, shocks, and noises, goes on to say: "It is an additional and equally important object of the present invention to provide a crossing insert cast in a single piece for engagement with the correspondingly formed portions of a track crossing consisting of intersecting rails constructed so that the insert may be readily fitted thereover."

Turning to the argument that the construction contended for by the plaintiff would result in invalidating the patent, if the patent reads as the plaintiff says it does, the invention lies in having a raised portion in the floor of the groove (a) cast as an integral part of the rail, (b) of such a height as to make the groove exactly of the same depth as the flange of the wheel, (c) extending over the entire crossing, and not merely placed at the separate rail intersections.

The first point above suggested clearly does not involve invention, nor does the plaintiff seriously contend that it does.

Does the second point involve invention and novelty? Now, I think that it is a fact that the conception of raising the floor of the groove at least to a point which would make the depth of the groove *no greater than* the height of the flange of the wheel is old. The plaintiff's contention that all the prior patents called for a groove of less depth than the flange, with the result that in practice the wheel was always carried entirely on the flange, is unsound. There is nothing in the Nethercut patent, No. 940,818, which excludes a construction resulting in a groove of depth equal to the flange. Claim 2 of that patent says: "The depth of said throatways at the meeting point being not greater than the depth of a car wheel flange." Nethercut recognized the fact that, if the floorway of the groove were originally made of such a height that the wheel would be carried entirely on the flange, and the tread lifted from the rail, ordinary wear and tear of service would soon result in reducing either the floor of the groove or the flange or both to a point where the tread would bear upon the surface of the rail. The plaintiff thinks that Fig. 3 in Nethercut's diagram conclusively shows that it was the intention that the tread of the wheel should never rest on the rail. I am rather inclined to believe that, if the diagram be taken in connection with the specifications, it means just the contrary. However this may be, it is unimportant, in view of the remaining consideration. It seems to me that the prior art had reached a stage of development which included generally structures in which the raised floorway came into contact with the flange of the wheel, and that a structure which had a groove of such depth that the tread of the wheel was simultaneously carried was therefore a part of the art. In this connection the testimony of the witnesses of the Lorain Steel Company may be accepted as establishing that such was the practice in actual use, at least in that instance.

At any rate, having once reached the conception of a raised floorway to carry the flange of the wheel, it seems perfectly clear that the thought of making it of such a height that the groove would exactly correspond to the flange and the entire wheel would be borne by the entire rail could not constitute invention, but merely such an advance in the art as would be the result of the application of ordinary mechanical skill, and I so hold. In addition, and as bearing on this thought, it is to be noted that the prior patents do not specify any particular depth for the groove, as the floorway has been raised. The natural practice under any of these patents would be to make the depth of the groove as nearly as possible equal to the depth of the flange. Nobody would imagine that any of the patents required the raising of the wheel any appreciable degree above the bearing surface of the rail. The reduction due to wear and tear might be allowed for by a slight increase, but it seems to me that in all of the patents the ultimate equality of groove and flange would be so obviously the desirable result that the idea of invention is precluded.

So far as the idea of carrying the raised floor of the groove over the entire crossing is concerned, there is nothing to suggest that this feature makes any difference at all in the operation of the whole combination, or that it has any useful function. In addition the Bristow patent, No. 1,076,405 has this feature, and it appears to have been the ordinary practice of the Lorain Steel Company.

The plaintiff argues that infringement is not avoided by the mere joinder of two elements into one integral part if the part accomplishes the result of both and cites a number of cases. However, if the only inventive concept disclosed by the plaintiff's device con-

sists in the use of two separate elements, and such plurality has a particular function (as in this case making possible the use of different kinds of metals), these cases do not apply. I expressly refrain from deciding that the plurality of parts claimed by the plaintiff is patentable, because he admits that feature is not infringed by the defendant. What I do decide is that no other feature of the plaintiff's device involves patentable invention, and the conclusion is therefore reached that the defense of noninfringement must prevail, and the bill will be dismissed, with costs.